J-S17013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEROME J. HERNANDEZ :
:
Appellant : No. 1626 EDA 2021

Appeal from the PCRA Order Entered July 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010673-2016

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY BOWES, J.: **FILED JUNE 17, 2022**

Jerome J. Hernandez appeals from the July 19, 2021 order denying his petition pursuant to the Post-Conviction Relief Act ("PCRA"). Appellant's counsel, Matthew Sullivan, Esquire, has filed an application to withdraw along with a brief styled pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] We grant counsel's application to withdraw and we affirm.

This Court has summarized the pertinent facts of this case, as follows:

> On November 2, 2016, around 1:20 AM, Police Officer Todd Walker received information through police radio that there was a person with a gun at 208 West Olney Avenue, a row home residence [located in Philadelphia, Pennsylvania]. Upon arriving on site[,] Sergeant Thomas Brown met up with Officer Walker and

_____

[1] As discussed further *infra*, withdrawal by counsel in PCRA appeals is properly governed by ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

they spoke with [the complainant, Octavia Brown]. Ms. Brown explained that she had been involved in a verbal dispute with Appellant over a bullet dropping out of his pocket in front of her granddaughter.

Prior to the date of the verbal dispute with Appellant, Ms. Brown had found a silver gun in the ceiling of the home. Ms. Brown asked her daughter why there was a gun in the house, since Ms. Brown does not believe in guns and does not allow guns in her home. Ms. Brown's daughter told [her mother] that the gun belonged to Appellant. Ms. Brown became upset and hid the gun so her [five]-year-old granddaughter, Brianna, would not be able to grab it.

On November 2, 2016, Ms. Brown realized that Appellant had another gun, in addition to the silver gun she had hidden, when a bullet dropped from his pocket and Brianna picked it up to return it to him. Ms. Brown noticed a black object, which she believed to be a gun, in Appellant's hooded sweatshirt ("hoodie") when he returned the fallen bullet to his hoodie pocket. Later that evening, after Appellant had been drinking beer, Ms. Brown told him that he needed to get the gun out of the house. Appellant responded that he wasn't going anywhere. Ms. Brown waited until Appellant passed out from alcohol intoxication before she called the police.

Upon their arrival at her home, Ms. Brown informed Officer Walker and Sergeant Brown that Appellant was drunk and in the basement of the residence. Officer Walker proceeded to the basement and saw a well-lit room towards the front of the basement. He entered the room and saw Appellant laying on the bed asleep. He also noticed a black handgun, a .357 Magnum revolver, around 2 inches away from Appellant's waist, on his left side. After noticing the gun, Officer Walker proceeded to take the gun and remove the bullets from it with his bare hands. He secured the gun without gloves because he wanted to make it safe immediately since he did not know whether Appellant was dangerous. The use [by Officer Walker] of his bare hands contaminated the gun, making it unable to be tested for prints or DNA evidence.

While Officer Walker secured the handgun, Sergeant Brown woke Appellant and proceeded to question him. Upon waking, Appellant appeared to be in an intoxicated stupor. Once Appellant was detained by Officer Walker, Sergeant Brown . . . discovered that

Appellant was ineligible to possess a firearm at the time of the incident.

***Commonwealth v. Hernandez***, 222 A.3d 827 (Pa.Super. 2019) (unpublished memorandum at 1) (cleaned up).

As a result of these events, Appellant was charged with person not to possess firearms. Ultimately, a jury found Appellant guilty and the trial court sentenced him to five to ten years of imprisonment. On direct appeal, this Court affirmed Appellant's judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal. ***Id***. (unpublished memorandum at 5), *appeal denied,* 237 A.3d 392 (Pa. 2020). Appellant did not seek review with the United States Supreme Court.

On August 24, 2020, Appellant filed a timely, *pro se* PCRA petition. Mario D'Adamo III, Esquire, was appointed to represent Appellant and an amended petition was filed raising the following claims for relief: (1) that the trial court lacked "subject matter and *in personam* jurisdiction" over Appellant due to a violation of the *corpus delicti* rule; (2) ineffective assistance due to trial counsel's failure to object to a "forged" bill of information; and (3) that Appellant's sentence violated the principles of double jeopardy.[2] ***See*** Amended PCRA Petition, 2/8/21, at 4-8 (unpaginated).

_____

[2] As this Court has held, "[a]mended petitions are required on first-time PCRA cases and the PCRA court is only permitted to address issues raised in a counseled petition." ***Commonwealth v. Markowitz***, 32 A.3d 706, 713 n.5 (Pa.Super. 2011); ***see also Commonwealth v. Johnson***, 179 A.3d 1153,
*(Footnote Continued Next Page)*

- 3 -

Initially, the PCRA court filed notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, which erroneously stated that Attorney D'Adamo was seeking to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). **See** Notice, 5/25/21, at 1 (unpaginated). Thereafter, the PCRA court filed an amended notice that seemed to clarify that it had determined Appellant's claims lacked merit. **See** Amended Notice, 6/9/21, at 1 (unpaginated). No response to this notice was forthcoming. On July 19, 2021, the PCRA court entered an order denying Appellant's amended PCRA petition and granting the Commonwealth's motion to dismiss.

On August 3, 2021, Attorney Sullivan filed a timely notice of appeal on Appellant's behalf. The trial court filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Order, 8/10/21, at 1 (unpaginated). On August 24, 2021, Attorney Sullivan filed notice of his intent to withdraw pursuant to Rule 1925(c)(4). **See** Pa.R.A.P. 1925(c)(4) ("If counsel intends to withdraw in a criminal case . . . , counsel shall file of record and serve on the judge a

---

1157 (Pa.Super. 2018) (holding that issues raised in an initial *pro se* PCRA were not preserved "without any further explanation or elaboration upon the legal validity of such claims"). Instantly, Attorney D'Adamo did not develop or adopt any of the issues initially raised in Appellant's *pro se* PCRA petition. Accordingly, we will limit our review in this matter to the issues properly preserved in Appellant's amended PCRA petition. **Id**.

statement of intent to withdraw in lieu of filing a [concise statement of errors complained of on appeal].").  Due to the filing of a Rule 1925(c)(4) notice, the PCRA court elected not to file an opinion pursuant to Rule 1925(a).  *See* Response to Rule 1925(c)(4) Notice, 11/17/21, at 1 (citing ***Commonwealth v. McBride***, 957 A.2d 752, 758 (Pa.Super. 2008)).  In this Court, Attorney Sullivan has filed a brief and an application to withdraw as counsel styled pursuant to ***Anders***/***Santiago***.

At the outset of our review, we note that this case does not implicate the ***Anders***/***Santiago*** paradigm.  As this Court has observed, "[c]ounsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under [***Turner***/***Finley***]."  ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007).  While these frameworks are "close cousins" there are "significant differences" in the requirements of each standard.  As a general matter, ***Anders***/***Santiago*** provides greater safeguards:

> ***Anders*** applies to direct appeals; ***Turner***/***Finley*** applies to PCRA cases.  ***Anders*** counsel is not permitted to withdraw unless the appeal is wholly frivolous, but ***Turner***/***Finley*** counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous.  Also, ***Anders*** counsel must not argue against the client's interests while ***Turner***/***Finley*** counsel must do so, articulating why the client's claims have no merit.
>
> The heightened protection afforded to ***Anders*** appellants as compared to ***Turner***/***Finley*** petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones.  By comparison, a first-time PCRA petitioner's right to counsel is born of rule, namely Pa.R.Crim.P. 904(C), and that right does not spring from the federal or state constitutions.

***Wrecks***, ***supra*** at 722 (cleaned up).

However, this Court has determined that we may accept ***Anders***/***Santiago*** submissions instead of ***Turner***/***Finley*** filings under these circumstances. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa.Super. 2011) ("Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter."). Accordingly, we will proceed to assess whether Attorney Sullivan's filings satisfy the technical requirements of ***Turner***/***Finley***. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa.Super. 2016) ("Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel.").

> Counsel seeking to withdraw from PCRA representation must:
>
> (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa.Super. 2019). As noted above, Attorney Sullivan has filed a brief and application to withdraw. Attached to the application is a letter dated February 2, 2022, which is addressed to Appellant and informs him that Attorney Sullivan has determined that his appeal is frivolous and advising him of his rights to retain replacement counsel, proceed *pro se*, and/or to raise any additional points with this Court

by filing a supplemental brief. *See* Application to Withdraw, 2/2/22, at Exhibit 1. This letter indicates that copies of the relevant documents were also included in the mailing. The brief filed by Attorney Sullivan recites the factual and procedural history of the case, while identifying and discussing all of the issues raised in Appellant's amended PCRA petition.

Based on the foregoing, we conclude that Attorney Sullivan has complied with the procedural requirements of **Turner**/**Finley**. Therefore, we will proceed with an independent review of the issues. As noted above, there were four issues raised in Appellant's amended PCRA petition: (1) the trial court's alleged lack of jurisdiction pursuant to *corpus delicti*; (2) trial counsel's failure to object to an allegedly defective bill of information; and (3) an alleged violation of double jeopardy. **See** Amended PCRA Petition, 2/8/21, at 4-8 (unpaginated). We will consider these issues *seriatim*.

The first issue concerns the trial court's jurisdiction and the rule of *corpus delicti*. **Id**. at 4 ("[Appellant] also claims a lack of *corpus delicti* to establish the jurisdiction of the trial court."). This line of argument grossly mischaracterizes the venerable concept of *corpus delicti*, which is principally a rule of evidence as opposed to jurisdiction. **See Commonwealth v. Harper**, 230 A.3d 1231, 1240 (Pa.Super. 2020) ("The *corpus delicti* rule involves the admissibility of evidence[.]"). Specifically, the rule "places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime

- 7 -

can be admitted." *Id*. Reviewing the certified transcripts in this case, we can find no confession or admission from Appellant that was advanced by the Commonwealth at trial. *See* N.T. Trial I, 11/21/17, at 1-112. Consequently, there is no issue concerning *corpus delicti* in this matter.

Moreover, this Court has previously held that *corpus delicti* is satisfied in the context of gun ownership cases where testimony establishes the existence of a firearm in a communal area of a home. *See Commonwealth v. Murray*, 174 A.3d 1147, 1154 (Pa.Super. 2017). Thus, even if the rule of *corpus delicti* were implicated in this case, it would not provide the grounds for relief. Finally, it is well-established that "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003); *see also* 42 Pa.C.S. § 931(a); 18 Pa.C.S. § 102. Thus, we agree this claim is meritless.

The second relevant claim discussed in Attorney Sullivan's brief concerns trial counsel's failure to object to allegedly erroneous bills of information. *See* Amended PCRA Petition, 2/8/21, at 6 ("[Appellant] is entitled to an evidentiary hearing to establish that trial counsel failed to object to the legality and propriety of the bills of information[.]"). Since this claim is framed as one concerning effective assistance of counsel, Appellant must satisfy the three-part inquiry that Pennsylvania courts have "refined" from *Strickland v. Washington*, 466 U.S. 668 (1984) and *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) by showing that: (1) his underlying claim is

of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Sarvey***, 199 A.3d 436, 452 (Pa.Super. 2018). If a claim fails under "any required element of the ***Strickland***/***Pierce*** test, the court may dismiss the claim on that basis." ***Id***.

The content of bills of information is governed by Pennsylvania Rule of Criminal Procedure 560 ("Information: Filing, Contents, Function), which provides as follows with respect to the format and contents of this document:

> (A) After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.
>
> (B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:
>
> > (1) a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;
> >
> > (2) the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;
> >
> > (3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;
> >
> > (4) the county where the offense is alleged to have been committed;

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint;

(6) a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth"; and

(7) a certification that the information complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania regarding confidential information and documents.

(C) The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.

(D) In all court cases tried on an information, the issues at trial shall be defined by such information.

Pa.R.Crim.P. 560(A)-(D).

In pertinent part, Appellant's amended PCRA petition did not identify any specific errors or omissions in the information filed by the Commonwealth in this case. To the contrary, our review indicates that the instant information comports with the requirements of Rule 560 in all relevant aspects. **Compare** Information, 11/21/2016, at 1 **with** Pa.R.Crim.P. 560(A)-(D). Accordingly, this claim of ineffectiveness lacks arguable merit under **Strickland**/**Pierce** and, thus, we concur in Attorney Sullivan's conclusion that it is meritless.

The third and final issue we review pertains to the principles of double jeopardy embodied in the United States and Pennsylvania Constitutions. **See** U.S. CONST., amend. V ("[S]tating no person shall "be subject for the same

- 10 -

offence to be twice put in jeopardy of life or limb"); PA. CONST., art. 1, § 10 ("[N]o person shall, for the same offense, be twice put in jeopardy of life or limb[.]"). Specifically, Appellant's amended PCRA petition baldly asserts that the trial court violated these provisions by imposing a criminal sentence in this matter. *See* Amended PCRA Petition, 2/8/21, at 4 ("[Appellant] further asserts that his constitutional protection against double jeopardy was violated by the sentenced [sic] imposed by the trial court.").

It is entirely unclear upon what basis Appellant advanced this claim for relief, as there is no evident violation of double jeopardy in this case. The only possible issue in this matter seems to revolve around Appellant's prior conviction for person not to possess a firearm in 2003 in a completely different set of circumstances. Attorney Sullivan's explanation as to the lack of merit of this claim is apt: "It goes without saying that [Appellant's] separate conviction for a completely distinct act, committed well over a decade before the crime in this case, did not merge with his sentence for this current crime simply because they happened to violate the same criminal statute." *Anders* brief at 10. Thus, we concur in counsel's conclusion that this issue lacks merit.

Order affirmed. Petition to withdraw filed by Matthew Sullivan, Esquire, granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2022